PATTERSON, J.
—The plaintiffs sued in the court of coimmon pleas to recover the value of services alleged to have been rendered by them as real-estate brokers to the defendant. They had a verdict, from the judgment entered upon which, and from an order denying a motion for a new trial, this, appeal is taken.
The employment of the plaintiffs, and the rendition of some service pursuant to that employment, were proven beyond dispute. It was shown that Mr. Gafaren, being desirous of purchasing the property mentioned in the complaint, authorized the plaintiffs to enter into relations with one Flanagan,, who was the agent of the owner, and to negotiate with him for the purchase of the lots, and that, after several efforts-made by one of the plaintiffs, the defendant and Flanagan were brought to accord respecting the terms of a contract; that a memorandum was made of those terms, and signed by both Flanagan and the defendant, and $500 were paid by the-defendant on account of the purchase money of the lots. That-being so, the plaintiffs’ relation to the subject ordinarily would have terminated, but in the memorandum referred to is a statement to the effect that a formal instrument was to be executed, for which purpose the parties were to attend at the office of the attorneys for the owner, where the further details were to be arranged. The evidence shows that when, pursuant to this provision of the memorandum, the parties met at the *953 office of the attorneys above referred to, an objection to the title was taken, which appeared to be of sufficient gravity to cause either a termination of "the whole negotiation between the defendant and the owner of the premises or a suspension of that negotiation until that objection could be overcome. That presents the only real issue there is in the case. Was, there an abandonment by the defendant of the whole transaction or not ? Some two years after the employment by the defendant of the plaintiffs, the premises were conveyed to the-defendant. The claim of the plaintiffs is that such conveyance was made pursuant and related back to the original understanding as contained in the memorandum, and that, notwithstanding the delay, it was a transaction completed with the party, and substantially upon the terms secured by the plaintiffs as brokers. The learned judge at the trial submitted that question to the jury very clearly and fairly, and, there being evidence strongly tending to support the plaintiffs’ claim, there is no reason why we should interfere with the verdict.
It was shown that at the time of the execution of the memorandum by Flanagan, ostensibly acting as agent, and the defendant, the sum of $500 was paid on account of the purchase price, which sum was retained by Flanagan until the defendant accepted the deed, two years afterwards; and then Flanagan took his commissions chargeable against one of the vendors from that amount, and paid over the balance to the vendor’s attorneys. There was also testimony to show that at some time during that period of two years the vendors’ attorney brought suit for the construction of a will affecting the title to the premises, and to rectify the title, and that during the pendency of that suit one of the plaintiffs and Gahren had conversations in which the latter stated,, in substance, that he was still in the expectation of getting the property; that he was indifferent as to time, for the lots were rising in value.. There was enough to show a continuous connection between, the first step taken by the plaintiffs in the matter and the last one, consisting in the delivery of the deed by the vendors to the defendant. It is unnecessary to rehearse the testimony on behalf of the defendant. The issue was fairly raised and distinctly left to the jury. The learned judge, in substance, charged that, if there were an abandonment of the understanding between the parties as expressed in the memorandum, and an entirely new transaction undertaken by the defendant himself, under new conditions and changed circumstances, the plaintiffs could not recover; and that was stating the law as favorably as could have been demanded by the defendant.
A number of exceptions appear to have been taken during the progress of the trial to the admission or rejection of evidence, but the learned counsel for the defendant has not called our attention to any one of them, confining himself in his brief' (the case was submitted without argument) to a general statement of the facts, and to exceptions taken to the charge of the- *954 judge and to his refusal to dismiss the complaint. The motion to dismiss the complaint was made on no less than ten grounds, not one of which, as the case stood, possessed any merit. It was clearly shown that the plaintiffs did perform services, and there were facts from which it might be inferred by the jury that the execution of the memorandum between Gahren and Flanagan contained the terms of an agreement afterwards -completed. There was a consideration for the promise shown. The memorandum executed between Flanagan and Gahren might not have contained a contract which Gahren could ■specifically enforce against the owner of the premises, but that question was not involved, for the real issue in that particular connection related to the adoption by the owner subsequently of the services of the broker, and the terms contained in that memorandum. All the other grounds assume conditions of the evidence to exist which do not appear upon the record.
It is urged by the defendant that where an agent undertakes to perforin a service, and does not succeed, others may avail themselves of what he has done, and carry the transaction'to a successful termination, where the agent’s failure results in his retirement from the transaction. Cases are cited which are said to sustain that view, and it is argued that that condition of things appeared upon the record at the close of the plaintiff’s case, and should have led to a dismissal of the complaint. An exception was taken to the statement of the learned judge that “ there may be grounds that this negotiation so opened by the plaintiffs ultimately led to the very ■sale which was made.” Whatever criticism these words may be open to, it is not the one now made by the appellant. "There was evidence—and very direct and necessary evidence —that it did so lead;. and, if it did not, there could be no re-no very. It was for the jury to say whether the whole subject was one continuous and connected transaction, beginning with the signing of the memorandum between Flanagan and Gahren and the conveyance of the property by the owners to Gahren pursuant (substantially) to the terms of that memorandum, and virtually carrying out a contract negotiated by the plaintiffs. It is beyond controversy that the plaintiffs procured that original memorandum to be made. In this connection it is said that the terms were different, because $75,000 was paid ' ior the property, and not $72,500; but there is evidence to show that the additional sum was a mere enhancement of the contract price, and so understood to be, by reason of taxes, assessments, or charges that had accrued upon the property intermediate the date of the memorandum and that of the transfer of the property by deed. That would seem to be a "way of equalizing the loss of interest on the purchase price on the one side and the „ expenses of the property for taxes, etc., on the other side.
It is further claimed that the judge erred in his charge by -stating to the jury that, because Gahren allowed the $500 to *955 remain in the hands of Flanagan, that was some evidence that the original negotiation was not abandoned by Gahren. But the learned judge did not so charge. He merely stated that the plaintiffs so claimed, and made no further comment upon it, except in such a way as to indicate that it was not to be taken into consideration without also regarding the explanation that had been given about it, as appears from the concluding sentence of his charge. The other exceptions do not require particular consideration. The law was properly stated to the jury, and upon the only real question of fact there was quite an abundance of evidence to authorize the verdict.
The judgment and order appealed from must be affirmed, with costs.
All concur.